FILED
99 MAR -2 PM 1:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

# United States District Court
## Northern District of Alabama
### Western Division

**Ronald Mack Raines, et al.,**     ]
                                    ]
    Plaintiff(s),                   ]
                                    ]
    vs.                             ]     CV-99-N-0141-W
                                    ]
**State of Alabama, et al.,**       ]
                                    ]     ENTERED
    Defendant(s).                   ]
                                          MAR 02 1999

## Memorandum of Decision

Plaintiff Ronald Mack Raines brings this action against the State of Alabama and numerous individuals seeking compensatory and punitive damages, as well as a "permanent restraining order." Upon due consideration, the action will be dismissed.

The claim against the State of Alabama must fail because the state is, under the Eleventh Amendment, absolutely immune from suit. *Alabama v. Pugh*, 483 U.S. 781, (1978). *See also, Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89 (1984). The Supreme Court has said,

> [T]here can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit. *Edelman v. Jordan*, 415 U.S. 651 (1974); *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459 (1945); *Worcester County Trust Co. v. Riley*, 302 U.S. 292 (1937). Respondents do not contend that Alabama has consented to this suit, and it appears that no consent could be given under Art. I, sec. 14, of the Alabama Constitution, which provides that "the State of Alabama shall never be made a defendant in any court of law or equity."

*Alabama v. Pugh*, 438 U.S. 781, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978). Thus, the claims against the State of Alabama must be dismissed.



With regard to the claims against the remaining defendants, it is clear that Mr. Raines merely seeks a review in this court of rulings already made in the Circuit Court of Tuscaloosa County, Alabama. This court does not, and cannot, sit as a super appellate court to review and correct errors, real or perceived, of the courts of the State of Alabama. If that court has erred, the plaintiff's relief lies in the appellate courts of Alabama, not in this court. Moreover, to the extent that Mr. Raines may attempt to state claims here that were not included in his state court action, he is not entitled to simultaneously maintain two separate actions in two separate courts based upon the same conduct.

By separate order the action will be dismissed without prejudice.

Done, this 2nd day of March 1999.

Edwin Nelson
United States District Judge